IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL D. FERGUSON,  )
)
  Petitioner  )   Case No. 1:18-cv-00388
)
vs.  )
)   RICHARD A. LANZILLO
ERIC TICE,  )
THE ATTORNEY GENERAL OF THE  )   UNITED STATES MAGISTRATE JUDGE
STATE OF PENNSYLVANIA, and  )
DISTRICT ATTORNEY OF  )   MEMORANDUM OPINION AND
CRAWFORD COUNTY  )   ORDER ON PETITION FOR WRIT OF
)   HABEAS CORPUS [ECF No. 4]
  Respondents  )

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Michael D. Ferguson pursuant to

28 U.S.C. § 2254.  ECF No. 4.  For the reasons that follow, the petition will be denied.[1]

I.    Background

A review of the record and the criminal docket sheet for Ferguson's underlying convictions in

*Commonwealth v. Ferguson*, Nos. CP-20-CR-0000761-2012 and CP-20-0000874-2012 (Crawford Cnty.

Com. Pl.),[2] discloses the following relevant facts.  Ferguson was convicted by a jury of multiple charges

related to three armed robberies of taverns and an assault on his co-conspirator.  Ferguson filed a direct

appeal, in which the Pennsylvania Superior Court affirmed his convictions but vacated his judgment of

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

[2] The criminal dockets are available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-20-CR-0000761-2012&dnh=g%2fpcjA5hwb7lQoY0nLozGQ%3d%3d and
https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-20-CR-0000874-2012&dnh=EHai1nA5n1AbOuqK7ThCIw%3d%3d (last visited January 20, 2021).

sentence and remanded for resentencing. *Commonwealth v. Ferguson*, 107 A.3d 206 (Pa. Super. 2015). Ferguson was resentenced on February 24, 2015 for an aggregate term of 34 to 71 years' imprisonment.

Ferguson filed a direct appeal from that judgment of sentence. The Pennsylvania Superior Court affirmed the judgment of sentence on January 8, 2016. *Commonwealth v. Ferguson*, 136 A.3d 1028 (Pa. Super. Jan. 8, 2016) (unpublished memorandum). On February 11, 2016, Ferguson filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq., which was dismissed by the trial court. The Pennsylvania Superior Court affirmed the dismissal of the PCRA petition on January 9, 2018. *Commonwealth v. Ferguson*, 2018 Pa. Super. Unpub. LEXIS 62 (Pa. Super. Jan. 9, 2018) (unpublished memorandum).

Ferguson filed the instant petition for a writ of habeas corpus on or about December 17, 2018. ECF No. 1. Respondents filed a response to the petition on June 12, 2019. ECF Nos. 19-20.

II.     Analysis

A.      AEDPA Statute of Limitations

Respondents argue, *inter alia*, that at least certain claims in the petition should be dismissed as untimely. ECF No. 20 at 16-17. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry.  First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1).  *Caldwell v. Mahally, et al*., 2019 WL 5741706, *5 (W.D. Pa. Nov. 5, 2019).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  *Id*.  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.  *Id*.

        1.       Trigger Date Calculation

Ferguson sets forth seven grounds for relief in his petition, all of which concern assertions of errors occurring before or at his trial.  ECF No. 4.  These claims do not implicate newly enunciated constitutional rights or facts that were discovered later.  Furthermore, there were no state-created impediments that prevented Ferguson from raising these claims sooner.  Consequently, the "trigger date" for these claims is the date on which his judgment of sentence became final.  *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d

Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Ferguson's judgment of sentence became final on or about February 8, 2016, at the expiration of the time for filing with the Pennsylvania Supreme Court a petition for allowance of appeal from the Pennsylvania Superior Court's affirmance of the judgment of sentence.  Pa.R.A.P. 1113(a).  The one-year limitations period for filing a habeas corpus petition began to run on that date.  28 U.S.C. § 2244(d)(1)(A). Accordingly, Ferguson had to file any federal habeas petition by February 8, 2017.  Because the instant habeas petition was filed on December 17, 2018, his petition is statutorily time-barred.  Given this deficiency, the Court must determine whether he can take advantage of the statutory tolling provision set out in Section 2244(d)(2).

2.      Statutory Tolling

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.

Ferguson filed his PCRA petition on February 11, 2016, only three days after the statute of limitations had begun to run.  That PCRA petition was "properly filed," thus, the proceedings thereupon tolled the statute of limitations until they were concluded on January 9, 2018, when the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition.  The statute of limitations started to run again the following day, January 10, 2018.  At that time, Ferguson still had 362 days remaining in which to file a timely petition (365-3=362).  Pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1988), Ferguson filed the instant petition on December 17, 2018, 341 days later.  Thus, his petition is timely.

Respondents argue that Ferguson should not get the benefit of statutory tolling for claims that were not raised in his PCRA petition.  ECF No. 20 at 17.  This argument was rejected by the United States Court of Appeals for the Third Circuit in *Sweger v. Chesney*, 294 F.3d 506 (3d Cir. 2002), where it held:

> . . . [U]under § 2244(d)(2), a properly filed state post-conviction proceeding challenging the judgment tolls the AEDPA statute of limitations during the pendency of the state proceeding.  Whether the federal habeas petition contains one or more of the claims raised in the state proceeding does not matter as long as the state proceeding and the federal habeas petition attack the same judgment.

*Sweger*, 294 F.3d at 520.

Accordingly, Respondents' argument is unavailing.

B.     Ground 1:  Due process violation (concealment of plea agreement)

Ferguson first asserts that he was denied due process when the Commonwealth: (1) concealed a plea agreement it had with his co-conspirator, Harry Boyer; and (2) elicited perjured testimony from Boyer concerning this agreement.  ECF No. 4 at 10-11.  Respondents argue, *inter alia*, that this claim should be dismissed because Ferguson did not exhaust it in state court.  ECF No. 19 at 9.

As this Court has explained:

> As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  A petitioner satisfies the exhaustion requirement "only if [the petitioner] can show that [he or she] fairly presented the federal claim at each level of the established state-court system for review."  *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).  The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.
>
> To "fairly present" a claim for exhaustion purposes, the petitioner must advance the claim's "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018)

> (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).  A
> petitioner may exhaust a federal claim either by raising it on direct appeal
> or presenting it in post-conviction PCRA proceedings.  *O'Sullivan*, 526 U.S.
> at 845.  Either way, the petitioner must present his federal constitutional
> claims "to each level of the state courts empowered to hear those claims."
> *Id.* at 847 ("requiring state prisoners [in order to fully exhaust their claims]
> to file petitions for discretionary review when that review is part of the
> ordinary appellate review procedure in the State").  "Once a petitioner's
> federal claims have been fairly presented to the state's highest court, the
> exhaustion requirement is satisfied."  *Stoss v. Estock*, 2019 U.S. Dist.
> LEXIS 83240, 2019 WL 2160464, at *3 (M.D. Pa. May 17, 2019) (citing
> *Castille v. Peoples*, 489 U.S. 346, 350, 109 S. Ct. 1056, 103 L. Ed. 2d 380
> (1989)).

*Dean v. Tice*, 2020 U.S. Dist. LEXIS 96328, at *12-13 (W.D. Pa. June 1, 2020).

Ferguson asserts that he raised this claim in state court and that the Pennsylvania Superior
Court rejected it on the basis that the newspaper article upon which the claim was based was
undated. ECF No. 4 at 11.  The only claim to which Ferguson could be referring is one litigated
in his PCRA proceedings; however, that was an ineffective assistance of trial counsel claim for
failure to investigate and obtain evidence regarding a plea offer made to Harry Boyer, not a due
process claim.  *Ferguson*, 2018 Pa. Super. Unpub. LEXIS 62 at *6.  In disposing of that claim in
the appeal from the denial of the PCRA petition, the Superior Court noted that the only evidence
Ferguson produced in support was an "undated, nearly illegible newspaper article."  *Id.* at 11.
Because Ferguson did not present the instant federal constitutional claim, *i.e.*, that he was denied
due process of law under the Fourteenth Amendment to the United States Constitution, in state
court, the claim is unexhausted.

The following law is instructive:

> Although generally a district court should dismiss without prejudice a
> petitioner's unexhausted claims and require the petitioner to return to state
> court to exhaust them, *see*, *e.g.*, *Crews v. Horn*, 360 F.3d 146, 151-55 (3d
> Cir. 2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L.
> Ed. 2d 379 (1982)), the district court may "excuse" that requirement as
> "futile" if it is clear that his claims are now barred from review under state
> law.  *Gray v. Netherland*, 518 U.S. 152, 161, 116 S. Ct. 2074, 135 L. Ed.

2d 457 (1996); *Lines v. Larkins*, 208 F.3d 153, 162-66 (3d Cir. 2000).
Futility is established where "exhaustion is not possible because the state
court would refuse on procedural grounds to hear the merits of the claims."
*Id.* at 163.

. . .

Like the exhaustion doctrine, the doctrine of procedural default is
"grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at
730, and it bars federal habeas review of a claim whenever the petitioner
has failed to raise it in compliance with a state's procedural rules. *Edwards
v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000);
*Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977);
*Lines*, 208 F.3d at 162-69.  A petitioner can procedurally default a federal
habeas claim in two ways, by: (1) failing to present it to the state court and
the state court would now decline to address it on the merits because state
procedural rules bar such consideration; or (2) failing to comply with an
independent and adequate state procedural rule when he presented a claim
to the state court, and for that reason the state court declined to address the
federal claim on the merits.  *See, e.g., Sykes*, 433 U.S. at 81-87; *Lines*, 208
F.3d at 162-69.

*Curry v. Warden, Erie Cty. Prison*, 2019 U.S. Dist. LEXIS 90683, at *4-6 (W.D. Pa. May 29, 2019)

(footnote omitted).

Because Ferguson is time-barred from pursuing this claim in a subsequent PCRA petition, *see* 42

Pa.C.S. § 9545(b)(1), the first circumstance applies in this case and, therefore, the Court will dismiss this

claim because it is procedurally defaulted.

C.    Ground 2:  Ineffective assistance of trial counsel (suppression of photo identification)

Ferguson next asserts that his trial counsel was ineffective for failing to move to suppress an

identification from an unduly suggestive photo array.  ECF No. 4 at 14.  Ferguson supports this argument

by citing to testimony from his preliminary hearing.  *Id.*  Respondents point out that when Ferguson

litigated this issue on appeal from the denial of his PCRA petition, the Superior Court found it to be

waived.  ECF No. 19 at 9.

Indeed, the Superior Court found that this issue was waived on appeal because the certified record

contained neither the preliminary hearing transcript nor the objected-to photo array.  F*erguson*, 2018 Pa.

Super. Unpub. LEXIS 62 at *9-10.  Because Ferguson waived this claim in that appeal, it is procedurally defaulted.  *Harris v. Reed*, 489 U.S. 255 (1989); *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992).  Any conclusion of procedural default must rest on "adequate and independent state law grounds."  *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004) (quoting *Harris*, 489 U.S. at 262).  Here, the Superior Court's decision to find waiver rests comfortably on such bases.

The Superior Court explained:

> We have stated "[w]hen the appellant . . . fails to conform to the requirements of [Pa.R.A.P.] 1911[ relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Commonwealth v. Preston*, 2006 PA Super 170, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632, 591 Pa. 663 (Pa. 2007) (citation omitted). Further, it is the appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this Court is able to review his claims.  *See Commonwealth v. B.D.G.*, 2008 PA Super 238, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*).  This Court has stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case.  It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review.  A failure by appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

> *Commonwealth v. Martz*, 2007 PA Super 165, 926 A.2d 514, 524-25 (Pa. Super. 2007), *appeal denied*, 940 A.2d 363, 596 Pa. 704 (Pa. 2008) (citations and quotation marks omitted).

> An appellant's failure to ensure that the original record as certified for appeal contains sufficient documentation to enable this Court to conduct a proper review constitutes a waiver of the issues sought to be reviewed on appeal.  *See Growall v. Maietta*, 2007 PA Super 223, 931 A.2d 667, 676 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1164, 597 Pa. 717 (Pa. 2008); *see also Smith v. Smith*, 431 Pa. Super. 588, 637 A.2d 622, 623-24 (Pa. Super. 1993), *appeal denied*, 652 A.2d 1325, 539 Pa. 680 (Pa. 1994).

> In the instant matter, our review of the certified record demonstrates that the docket does not show the date of any preliminary hearing and there is no

transcript of such a hearing or any photo array. [Ferguson] attached to his amended PCRA petition two pages of testimony with respect to this issue. (*See* Amended Petition for Post-Conviction Collateral Relief, 6/10/16, at Exhibit C). Those pages are not dated, are not certified by a court reporter, and nothing identifies them as being from the preliminary hearing. (*See id.*). In his notice of appeal, [Ferguson] did not seek transcription of the preliminary hearing transcript. (*See* Notice of Appeal, 2/28/17, at 1). Instead, he specifically certifies that "[t]he complete transcript has been lodged of record in this matter." (*Id.*). However, since the record contains neither the preliminary hearing transcript nor the objected-to photo array, we find that [Ferguson] waived his first issue on appeal. *See Growall, supra* at 676.

*Ferguson*, 2018 Pa. Super. Unpub. LEXIS 62 at *8-10.

The Court will dismiss this claim with prejudice because it is procedurally defaulted.

D.     Ground 3: Ineffective assistance of trial counsel (employment of expert)

Ferguson next asserts that his trial counsel was ineffective for failing to employ an expert in video enhancement/facial reconstruction to review a surveillance video of one of the bars that were robbed. ECF No. 4 at 18. Respondents argue that this claim is without merit. ECF No. 19 at 10, 13-14.

In addressing this claim in the appeal from the denial of Ferguson's PCRA petition, the Superior Court found:

> In his last claim of ineffective assistance of counsel, [Ferguson] argues that counsel was ineffective for "fail[ing] to obtain expert video enhancement of surveillance video obtained at the Owl's Nest Bar." (Appellant's Brief, at 16) (unnecessary capitalization omitted). We disagree.
>
> "To establish ineffective assistance of counsel for the failure to present an expert witness, appellant must present facts establishing that counsel knew or should have known of the particular witness." *Commonwealth v. Millward*, 2003 PA Super 263, 830 A.2d 991, 994 (Pa. Super. 2003), *appeal denied*, 848 A.2d 928, 577 Pa. 734 (Pa. 2004) (citation omitted). Further, "the [appellant] must articulate what evidence was available and identify the witness who was willing to offer such evidence." *Commonwealth v. Bryant*, 579 Pa. 119, 855 A.2d 726, 745 (Pa. 2004) (citations omitted).
>
> In his PCRA petition, [Ferguson] admits that trial counsel did attempt to obtain expert enhancement of the video but was told that enhancement was not possible. (See Amended Petition for Post-Conviction Collateral Relief,

9

at 13).  [Ferguson] has not identified any expert witness willing to attempt to enhance the video.  (*See id.*; *see* Appellant's Brief, at 16).  Therefore, his claim fails.  *See Bryant*, *supra* at 745; *see also Commonwealth v. Gwynn*, 596 Pa. 398, 943 A.2d 940, 945 (Pa. 2008) (when defendant claims counsel was ineffective for failing to introduce expert testimony at trial he must articulate "what evidence was available and identify a witness who was willing to offer such [evidence].") (citations omitted).  There is no basis to upset the PCRA court's finding that [Ferguson] was not entitled to PCRA relief on this basis.

*Ferguson*, 2018 Pa. Super. Unpub. LEXIS 62 at *15-16.

The Court must consider the following legal principles:

> Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, if a state court rejects a claimed federal violation on the merits, to obtain habeas relief a petitioner must show that the ruling:
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.§ 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004); *Thomas v. Horn*, 570 F.3d 105 (3d Cir. 2009).

An unreasonable application of federal law focuses on whether the state court unreasonably applied relevant Supreme Court holdings.  *White v. Woodall*, 572 U.S. 415, 419-20, 134 S. Ct. 1697, 188 L. Ed. 2d 698 (2014).  A petitioner must show an error so egregious "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 102-03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).  An unreasonable determination of the facts is one where the petitioner proves by clear and convincing evidence, see 28 U.S.C. § 2254(e)(1), that the conclusion drawn from the evidence by the state court is so improbable that it "blinks reality."  *See Miller-El v. Dretke*, 545 U.S. 231, 266, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005); This is a high bar to clear: as long as reasonable minds might disagree about the correctness of a factual determination, a federal habeas court must defer to the state court's

> determination.  *See Rice v. Collins*, 546 U.S. 333, 341-42, 126 S. Ct. 969,
> 163 L. Ed. 2d 824 (2006).

*Allen v. Kerestes*, 2019 U.S. Dist. LEXIS 193970, at *2-4 (W.D. Pa. Nov. 4, 2019).

Ferguson does not attempt to argue that the Superior Court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  In fact, he does not acknowledge the Superior Court's holding at all, instead baldly asserting that trial counsel was ineffective.  Because Ferguson has failed to meet his burden, he is not entitled to habeas relief on this claim.  It will be dismissed.

      E.      Ground 4:  Due process violation (weight and sufficiency of evidence)

Ferguson next asserts that he was denied due process of law under the Fourteenth Amendment to the United States Constitution because the verdict of guilty on all 43 counts against him was contrary to the weight and sufficiency of the evidence.  ECF No. 4 at 22-27.  Respondents first argue that Ferguson never challenged the sufficiency of the evidence supporting his convictions in state court; thus, it has not been exhausted and is procedurally defaulted.  ECF No. 19 at 10-11.  Respondents are correct.  Because Ferguson never presented this claim in state court, it has not been exhausted.  Further, assuming *arguendo* that this claim has not been waived and that it is otherwise cognizable under the PCRA, Ferguson still could not pursue it in a subsequent PCRA petition because he is time-barred from doing so, *see* 42 Pa.C.S. § 9545(b)(1).  Thus, the claim is procedurally defaulted.  It will be dismissed.

As to the weight of the evidence, Ferguson did raise this claim in his direct appeal from his original judgment of sentence.  Respondents argue that his claim is not cognizable in habeas review.  ECF No. 19 at 11.  That is correct.  A challenge to the weight of the evidence is purely a state law claim that is distinct from a federal due process claim, and, as such, it is not a claim that is cognizable in federal habeas corpus.

*Thomas v. Tice*, 2020 U.S. Dist. LEXIS 231873, at *26-27 (W.D. Pa. Dec. 10, 2020) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)); *see also Davis v. Lavan*, 2004 U.S. Dist. LEXIS 19506, at *29-31 (E.D. Pa. Sept. 23, 2004) (explaining that "a claim that a verdict is against the weight of the evidence is not cognizable on habeas review because it requires an assessment of the credibility of the evidence presented at trial, and a state court's credibility determinations are binding on a federal habeas court."). Because the weight claim is not cognizable on habeas review, it will be dismissed.

  F.  Ground 5:  Ineffective assistance of trial counsel (admission of firearm)

  Ferguson next claims that his trial counsel was ineffective for failing to challenge the admission of a Winchester shotgun at trial.  ECF No. 4 at 29-30.  Respondents argue that this claim was not exhausted and is procedurally defaulted.  ECF No. 19 at 12.

  Ferguson concedes that the claim was not exhausted, ECF No. 4 at 30; however, he asserts that he "intends to overcome the procedural default on this issue by showing cause and prejudice which will be done i[n] his reply brief."  *Id.*  Although federal courts may consider the merits of procedurally defaulted claims if the petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default, *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999), Ferguson did not file a reply brief and has not otherwise established any such cause and prejudice or a fundamental miscarriage of justice.

  To the extent that, in an effort to overcome the procedural default, Ferguson asserts that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness, he has failed to do so successfully.  The relevant law is as follows:

    The general rule is that, because there is no federal constitutional right to counsel in a PCRA proceeding, a petitioner cannot rely upon PCRA counsel's ineffectiveness to overcome the default of a federal habeas claim. *See, e.g., Coleman* [*v. Thompson*], 501 U.S. [722] at 752-54 [1991]; *Davila v. Davis*, 137 S. Ct. 2058, 2062, 198 L. Ed. 2d 603 (2017) ("An attorney error does not qualify as 'cause' to excuse a procedural default unless the

error amounted to constitutionally ineffective assistance of counsel. Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default."). In *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), the Supreme Court announced a limited, but significant, exception to this rule. Under *Martinez*, a Pennsylvania prisoner may argue that his PCRA counsel "caused" the default of a claim that trial counsel was ineffective. 566 U.S. at 9; *Workman v. Sup't Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019). The holding in *Martinez* is limited to defaulted ineffective-assistance-of-trial-counsel claims. *See*, *e.g.*, *Davila*, 137 S. Ct. at 2062-70. It does not apply to any other type of claim. *Id.*

. . .

Under *Martinez*, in order to avoid the default of an ineffective-assistance-of-trial-counsel claim, Petitioner must establish two things: (1) the ineffective-assistance-of-trial-counsel claim is "substantial"; and (2) [PCRA counsel] was ineffective within the meaning of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Martinez*, 566 U.S. at 14; *Workman*, 915 F.3d at 937. . . .

The Court of Appeals has explained that an ineffective-assistance-of-trial-counsel claim is "substantial" if it has "some merit." *Workman*, 915 F.3d at 938. The evaluation of whether a claim has "some merit" is the same one that a federal court undertakes when it considers whether to grant a certificate of appealability. *Id.* Thus, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *Workman*, 915 F.3d a 938 (a petitioner "must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner of that the issues presented were adequate to deserve encouragement to proceed further.'"), quoting *Martinez*, 566 U.S. at 14, which cited *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

*Hensley v. Cappoza*, 2019 U.S. Dist. LEXIS 185175, at *14-16 (W.D. Pa. Oct. 24, 2019).

The *Strickland* test is explained as follows:

Ineffective assistance of counsel claims are governed by the familiar standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance under *Strickland*, the Petitioner has the burden of establishing that his trial "counsel's representation fell below an objective

13

standard of reasonableness." 466 U.S. at 688. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Importantly, the Supreme Court emphasized that "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]'" *Burt v. Titlow*, — U.S. — , 134 S.Ct. 10, 17, 187 L. Ed. 2d 348 (2013) (quoting *Strickland*, 466 U.S. at 690). *See also Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.") (quoting *Strickland*, 466 U.S. at 689).

The Supreme Court also instructed:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.

> *Richter*, 562 U.S. at 105.

*Strickland* also requires that the Petitioner demonstrate that he was prejudiced by his trial counsel's alleged deficient performance. This places the burden on him to establish "that there is a reasonable probability that, but for counsel's unprofessional errors," the result of his trial "would have been different." *Strickland*, 466 U.S. at 694. As the United States Court of Appeals for the Third Circuit explained:

> [The Petitioner] "need not show that counsel's deficient performance 'more likely than not altered the outcome of the case' - rather, he must show only 'a probability sufficient to undermine confidence in the outcome.'" *Jacobs v. Horn*, 395 F.3d 92, 105 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 693-94). On the other hand, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Richter*], 131 S.Ct. at 787 (citing *Strickland*, 466 U.S. at 693). Counsel's errors must be "so serious as to deprive the defendant of a fair trial." *Id.* at 787-88 (citing *Strickland*, 466 U.S. at 687). The

> likelihood of a different result must be substantial, not just conceivable.
> *Id.*

Brown v. Wenerowicz, 663 F.3d 619, 630 (3d Cir. 2011).

*Howard v. Delbalso*, 2017 U.S. Dist. LEXIS 126581, at *5-7 (W.D. Pa. Aug. 10, 2017) (footnote omitted).

Ferguson makes no serious attempt to meet the *Strickland* requirements. He baldly asserts that the admission of the shotgun was irrelevant to the trial and that its admission was more prejudicial than probative and then concludes, "Therefore, had trial counsel challenged the admissibility of the Winchester firearm, there is a reasonable probability that the outcome of the proceeding would have been different." ECF No. 4 at 30. He further concludes, "Moreover, had PCRA counsel properly litigated said claim, there is a reasonable probability that the outcome of Mr. Ferguson's collateral proceedings would have been different." *Id.* Ferguson makes no effort to evaluate the impact of the admission of this evidence in light of the other evidence admitted at trial, including eyewitness identification and the testimony of his co-conspirator. He thus has not shown prejudice. Because Ferguson has failed to avoid procedural default of this claim via *Martinez*, it will be dismissed.

G.     Ground 6:  Due process violation (joinder)

Ferguson next asserts that he was denied due process of law under the Fourteenth Amendment to the United States Constitution when the trial court joined for trial the assault-related charges with the robbery-related offenses. ECF No. 4 at 31-32. Respondents argue that this claim lacks merit. ECF No. 19 at 12.

Ferguson raised this claim in his direct appeal from his original judgment of sentence. The Pennsylvania Superior Court addressed it as follows:

> In his first issue, [Ferguson] argues that joinder was improper because it resulted in prejudice to him, as evidence of each case would not have been admissible in the other, and the robberies and simple assault were not part of the same act or transaction.

"Whether [] separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." *Commonwealth v. Robinson*, 581 Pa. 154, 864 A.2d 460, 481 (Pa. 2004) (quoting *Commonwealth v. Newman*, 528 Pa. 393, 598 A.2d 275, 277 (Pa. 1991)). Furthermore, "Appellant bears the burden of establishing such prejudice." *Commonwealth v. Melendez-Rodriguez*, 2004 PA Super 334, 856 A.2d 1278, 1282 (Pa. Super. 2004) (en banc).

The Pennsylvania Rules of Criminal Procedure govern the joinder and severance of offenses as follows:

Joinder--Trial of Separate Indictments or Informations

(A) Standards

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1).

Severance of Offenses or Defendants

The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

Pa.R.Crim.P. 583. Under Rule 583, the prejudice the defendant suffers due to the joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime. *Commonwealth v. Lauro*, 2003 PA Super 80, 819 A.2d 100, 107 (Pa. Super. 2003).

[T]he "prejudice" of which Rule [583] speaks is not simply prejudice in the sense that appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of all Commonwealth evidence. The prejudice of which Rule [583] speaks is, rather, that which would occur if the evidence tended to convict [the] appellant only by showing his propensity to commit crimes, or because the

16

jury was incapable of separating the evidence or could not avoid cumulating the evidence.

*Id.* (emphasis in original) (quoting *Commonwealth v. Collins*, 550 Pa. 46, 703 A.2d 418, 423 (Pa. 1997)). Moreover, "the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself." *Id*. (quoting *Collins*, 703 A.2d at 423).

Reading these rules together, our Supreme Court established the following test for severance matters:

> Where the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the court must therefore determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Collins*, 703 A.2d at 422 (quoting *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491, 496-97 (Pa. 1988)).

Pursuant to this test, we must first determine whether the trial court abused its discretion in holding that evidence of each of the offenses would be admissible in a separate trial for the other. In making this determination, we are mindful that "[e]vidence of crimes other than the one in question is not admissible solely to show the defendant's bad character or propensity to commit crime." *Id.*; *see* Pa.R.E. 404(b)(1) (providing that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2); *see Melendez-Rodriguez*, 856 A.2d at 1283 (explaining that evidence of other crimes is admissible to show, *inter alia*, motive, intent, absence of mistake or accident, common scheme or plan, and identity). "In order for evidence of prior bad acts to be admissible as evidence of motive, the prior bad acts 'must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances.'" *Melendez-Rodriguez*, 856 A.2d at 1283 (quoting *Commonwealth v. Reid*, 571 Pa. 1, 811 A.2d 530, 550 (Pa. 2002)). "Additionally, evidence of other crimes may be admitted where such evidence is part of the history of the case and forms part of the natural

17

development of the facts." *Lauro*, 819 A.2d at 107 (quoting *Collins*, 703 A.2d at 423).

Upon review, we agree with the trial court that evidence of each of the offenses would be admissible in a separate trial for the other.  As stated previously, [Ferguson] and Boyer were co-conspirators in a string of robberies occurring in July 2012.  In August 2012, [Ferguson] assaulted Boyer at the Crawford County Correctional Facility.  Testimony at trial indicated that [Ferguson] made statements to Boyer during the course of the assault that connected the assault with the prior robberies.  Specifically, Boyer testified that [Ferguson] stated, "I told you I was going to effing kill you," and that the altercation was over Boyer giving a statement to police.  N.T., 9/11/2013, at 4-5.  Two corrections officers, Sally Jean Bullis and Joshua James Lintz, also testified that during the course of the altercation, [Ferguson] stated, "Why did you say that[?] Why did you do that[?]" and "I told you I would get you."  *Id.* at 31, 37.  Thus, evidence relating to the robbery charges would be admissible to establish [Ferguson's] motive for assaulting Boyer.  Conversely, evidence of the assault would be admissible in a trial for the robbery charges to establish the existence of a conspiracy between [Ferguson] and Boyer.  Further, all of the evidence formed part of the "natural development" of the facts and history of this case.  *See Lauro*, 819 A.2d at 107 (quoting *Collins*, 703 A.2d at 423).

Moreover, [Ferguson] fails to establish that the jury was incapable of separating the crimes to avoid confusion.  Our Supreme Court has held that "[w]here a trial concerns distinct criminal offenses that are distinguishable in time, space and the characters involved, a jury is capable of separating the evidence."  *Collins*, 703 A.2d at 423.  Here, the set of robberies and the assault occurred weeks apart in different locations and involved different victims.  Thus, there was no risk of confusing the jury.  *See id.*

Finally, we conclude that [Ferguson] was not unduly prejudiced by the trial court's decision to allow the jury to hear evidence of the separate, yet interrelated, crimes.  Here, [Ferguson] committed a series of robberies with Boyer as a co-conspirator and later assaulted Boyer at the Crawford County Corrections Facility.  As was said in *Lark*, "[This was a] series of crimes committed by the [appellant] which were all related.  He created the sequence of events and cannot fairly now demand that the ... matters be severed and tried in separate trials."  *Lark*, 543 A.2d at 500.  Consequently, the trial court did not abuse its discretion in consolidating the informations in this case.

*Ferguson*, 107 A.3d at 209-212.

Ferguson does not attempt to argue that the Superior Court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  He does not acknowledge the Superior Court's holding at all, instead baldly asserting joinder was improper and prejudicial.  Because Ferguson has failed to meet his burden, he is not entitled to habeas relief on this claim.  It will be dismissed.

H.      Ground 7:  Due process violation and fair trial violation (deliberation of jury)

Ferguson finally asserts that he was denied due process of law under the Fourteenth Amendment to the United States Constitution and denied the right to a fair trial under the Sixth Amendment to the United States Constitution.  ECF No. 4 at 33-34.  Respondents argue that this claim is without merit.  ECF No. 19 at 13.  Ferguson raised this claim in his direct appeal from his original judgment of sentence.  The Pennsylvania Superior Court addressed it as follows:

> In his second issue, [Ferguson] argues that he is entitled to a new trial on the ground that the jury deliberations were inadequate, as it only took the jury approximately one hour and six minutes to render a verdict on 43 separate counts.  [Ferguson] failed to cite any legal authority to the trial court to support such a claim, and he cites only one case to this Court, which is inapposite.[footnote]   Moreover, although the jury was to determine [Ferguson's] guilt or innocence on 43 separate counts, many of those counts were related as they pertained to each of the three separate robberies.  Thus, we agree with the trial court that Ferguson "was not denied a fair trial simply because the jury did not need to debate at length over the guilt or innocence of [Ferguson] with regard to the various charges." Trial Court Opinion, 1/3/2014, at 4.
>
>                                   . . .
>
> [footnote] In his appellate brief, [Ferguson] cites *Johnson v. Frazier*, 2001 PA Super 319, 787 A.2d 433 (Pa. Super. 2001).  In that case, a jury in a civil action for damages initially reached a verdict in one hour, but a poll of the jury revealed that only six jurors, one short of the required seven, supported the verdict.  *Id.* at 434.  After deliberating for an additional seven minutes, the jury returned with the same verdict, this time supported by seven jurors.

> *Id.* On appeal, this Court saw "no basis for upsetting the verdict because of the length of deliberations," explaining that this was not a situation in which the jury deliberated for a total of seven minutes. *Id.* at 436.  This Court explained that "[g]iven the hour of prior deliberation and the manifest expression that further deliberation would help, we cannot say seven more minutes is so insufficient as to warrant a new trial." *Id.*  Likewise, we cannot say here that the jury's deliberations were so insufficient as to warrant a new trial simply based on their length.

*Ferguson*, 107 A.3d at 212.

Again, Ferguson does not make any attempt to argue that the Superior Court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  He does not acknowledge the Superior Court's holding at all, instead merely asserting that, given the length of deliberation and the number of charges, "the verdicts should be looked upon with suspicion and, therefore, Mr. Ferguson is entitled to a new trial."  ECF No. 4 at 34.  Ferguson has again failed to meet his burden, and therefore he is not entitled to habeas relief on this claim.  It will be dismissed.

III.   Conclusion

For the foregoing reasons, the petition will be denied.

IV.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).  It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Id.

§ 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should not issue unless the petitioner shows, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  Applying those standards here, jurists of reason would not find it debatable whether Ferguson's claims should be denied for the reasons given herein.  Accordingly, the Court will not issue a certificate of appealability.

An appropriate Order follows.

ORDER

AND NOW, this 28th day of January, 2021, for the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that Petitioner Michael D. Ferguson's petition for a writ of habeas corpus is DENIED with prejudice and a certificate of appealability is DENIED.  The Clerk of Court is directed to mark this case CLOSED as of this date.

RICHARD A. LANZILLO
United States Magistrate Judge